Aaron A. Bartz (SBN 198722)
aaron@bartzlawgroup.com
Rex J. Phillips (SBN 237747)
rex@bartzlawgroup.com
BARTZ LAW GROUP, APC
5151 California Ave., Suite 100
Irvine, California 92617
Tel: (949) 504-4413 / Fax: (949) 656-7760

Walter L. Haines, Esq. (SBN 71075)
walter@uelglaw.com
UNITED EMPLOYEES LAW GROUP, PC
8605 Santa Monica Blvd., #63354
West Hollywood, CA 90069
Tel.: (562) 256-1047 / Fax: (562) 256-1006

Attorneys for Plaintiff EUGENE DELA PENA and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE DELA PENA, an individual; on behalf of himself and all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>RENAL ADVANTAGE, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 3:24-cv-08649-JD<br><br>[Assigned to Hon. James Donato]<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Violation of B&PC §17200, et seq.<br>2. Violation of Labor Code §§ 204, 510, 1194 and 1198;<br>3. Violation of Labor Code §§ 200, et seq.;<br>4. Failure to Provide & Maintain Accurate Wage Statements Pursuant to Labor Code §226;<br>5. Failure to Provide Meal Periods (Lab. Code §226.7);<br>6. Failure to Provide Rest Breaks (Lab. Code 226.7);<br>7. Failure to Reimburse Expenses (Lab. Code §2802);<br>8. Violation of Labor Code §§2698-2699 (PAGA).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EUGENE DELA PENA, on behalf of himself and all other persons similarly situated, and the general public (hereinafter, "Plaintiff"), hereby complains against Defendant, RENAL ADVANTAGE, INC., a Delaware corporation ("Renal Advantage"); and DOES 1 to 100, inclusive (hereinafter Renal Advantage and Does 1-100 are collectively referred to herein as "Defendants"), and on information and belief allege as follows:

## GENERAL ALLEGATIONS

### JURISDICTION

1.     This is a civil action seeking recovery of unpaid wages, waiting time penalties, pay stub penalties and meal and rest period premiums under California Labor Code §§ 510, 1194 et seq., 201 et seq., 226 and 226.7.   Plaintiff Dela Pena, for himself and on behalf of the general public, brings an action for monetary damages for failure to pay wages as well as for restitution for Defendants' violations of Business and Professions Code (B&PC) §17200, et seq., including full restitution of all compensation retained by Defendants as a result of their unlawful, fraudulent and unfair business practices.  Plaintiff seeks all available relief, including full restitution of all compensation retained by Defendants as a result of their unlawful and unfair business practices.  Further, Plaintiff seeks injunctive relief under B&PC §17200, et seq.

### VENUE

2.     Venue as to each of the Defendants is proper in this judicial district pursuant to California Code of Civil Procedure (CCP) §§ 395(a) and 395.5, as at least some of the acts complained of herein occurred in the County of San Francisco.  Each defendant either owns, maintains offices, transacts business, has an agent or agents within the County of San Francisco, or otherwise is found within the County of San Francisco, and each defendant is within the jurisdiction of this Court for purposes of service of process.

### PARTIES

3.     Plaintiff Eugene Dela Pena is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff Dela Pena worked for Defendants within the State of California.

4.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, defendant Renal Advantage is and was a Delaware corporation.

5.      Plaintiff is informed and believes and thereon allege that at all times mentioned herein, Defendant Renal Advantage was authorized to do business in the State of California, County of San Francisco, and offering dialysis services.  Thus, each named defendant and DOES 1 to 100 are subject to B&PC §17200, et seq. (Unfair Competition Law) and the Labor Code, as hereinafter alleged.

6.      Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of defendants sued herein as DOES 1 to 100, inclusive, and for that reason, those defendants are sued under such fictitious names, and Plaintiff will seek from this Court leave to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes and thereon alleges that each of the Defendants and each fictitious defendant, whether individual, partners, or corporate, was responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiff and all others similarly situated hereinafter alleged and the general public to be subjected to the unlawful employment practices, wrongs, injuries and damages complained of herein.

7.      At all times herein mentioned, each of the Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.  Plaintiff herein alleges that Defendants and each of them is the joint employer of Plaintiff and the classes.

8.      At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.

9.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

10.     At all times herein mentioned, Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages, as herein alleged.

11.     The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.  The California Superior Court also has jurisdiction in this matter because Plaintiff and the putative classes herein worked within the State of California, and were subject to California's wage and hour laws.

## PLAINTIFF CLASSES

12.     The class representative Plaintiff who worked in the position of an hourly non-exempt employees or other similar title while employed by Defendants within the State of California, is as follows:

a.     Eugene Dela Pena

Plaintiff Dela Pena worked within California as a patient care technician between November 2014 and May 2024.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to CCP §382.  The Classes which Plaintiff seeks to represent are composed of and defined as follows:

//

//

**Class 1:**

All non-exempt hourly employees from October 15, 2020 through the date of judgment, who were not paid premium overtime and/or double time at the employee's regular rate of pay.

**Class 2:**

All non-exempt hourly employees of Defendants who worked at some point from October 15, 2021 through the present, who are no longer employed with Defendants and to whom Defendants willfully failed to pay all wages due upon separation from Defendants (Waiting Time Penalty Class);

**Class 3:**

All non-exempt hourly employees who worked for Defendants from October 15, 2020 to the present who were not provided legally compliant meal periods (Meal Break Class);

**Class 4:**

All non-exempt hourly employees who worked for Defendants from October 15, 2020 through the present who were not provided legally-compliant rest breaks (Rest Break Class);

**Class 5:**

All non-exempt hourly employees who worked for Defendants in California from October 15, 2023 through the present who were provided a paystub (a.k.a. wage statement) which failed to list all hours actually worked and wages owed (Pay Stub Class).

**Class 6:**

All non-exempt hourly employees who worked for Defendants in California from October 15, 2020 through the present who were not reimbursed for their necessary and reasonable business expenses (Reimbursement Class).

**Class 7:**

All non-exempt hourly employees who worked for Defendants in California from October 15, 2020 through the present who were not paid for all of their hours worked (Off-The-Clock Class).

The members of the classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes is unknown to Plaintiff at this time; however, it is estimated that the classes number greater than 100 individuals. The identity of such membership is readily ascertainable by inspecting Defendants' employment records.

14.   There are common questions of law and fact as to Plaintiff and all others similarly situated which predominate over questions affecting only individual members including, without limitation to:

      i.    Whether Defendants paid their employees proper premium overtime and/or double time at the employees' regular rate for hours over eight (8) in a day and/or forty (40) hours in a week, in paying their hourly non-exempt employees;

      ii.    Whether Defendants violated the applicable <u>Labor Code</u> provisions including §510, 1194, and 203 by requiring substantial overtime work and not paying for said work according to the overtime laws of the State of California;

      iii.    Whether Defendants failed to pay the appropriate premium overtime compensation to the hourly employees;

      iv.    Whether Defendants improperly retained, appropriated or deprived Plaintiff and the class members of the use of monies or sums to which Plaintiff and the class were legally entitled;

      v.    Whether Defendants engaged in unfair business practices;

      vi.    Whether Defendants and each of them, were participants in the alleged unlawful conduct;

      vii.    Whether Defendants' conduct was willful or reckless;

      viii.    The effect upon and the extent of injuries suffered by Plaintiff and all others similarly situated and the appropriate amount of compensation;

ix.   The appropriate amount of monetary penalties allowed by <u>Labor Code</u>
<u>§201</u>, et. seq.;

x.    Whether Defendants pay and continue to pay for missed meal and rest
period premiums at an allegedly "reduced" rate of pay in violation of
Section 11 of the applicable Wage Orders;

xi.   Whether Defendants failed and refused to reimburse Plaintiff and the
class members for their reasonable and necessary expenses incurred in
fulfilling their work duties for Defendant;

xii.  Whether Defendants failed and refused to pay Plaintiff and the class
members' for all of their hours worked; and

xiii. Whether Defendants failed and refused to pay Plaintiff and the class for
all time the time spent working during any of their meal periods.

15.   Plaintiff's claims are typical of the claims of all members of the classes and
subclasses mentioned herein.  Plaintiff, as representative parties will fairly and adequately
protect the interest of the classes by vigorously pursuing this suit through their attorneys who
are skilled and experienced in handling matters of this type.  Plaintiff has no claim or interest
that is antagonistic to any class member.

16.   The nature of this action and the nature of laws available to the members of the
classes identified herein make use of the class action format a particularly efficient and
appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein.  Further, this
claim involves a large corporate employer, Defendant Renal Advantage, and a large number
of individual employees (Plaintiff and all others similarly situated) with many relatively small
claims with common issues of law and fact.  If each employee were required to file an
individual lawsuit, the corporate defendants would necessarily gain an unconscionable
advantage since they would be able to exploit and overwhelm the limited resources of each
individual plaintiff with their vastly superior financial and legal resources.  Requiring each
class member to pursue an individual remedy would also discourage the assertion of lawful
claims by employees who would be disinclined to pursue an action against their present

1  and/or former employer for an appreciable and justifiable fear of retaliation and permanent

2  damage to their careers at present and/or subsequent employment.  Proof of a common

3  business practice or factual pattern, which the Plaintiff experienced, is representative of the

4  class mentioned herein and will establish the right of each of the members of the named class

5  to recovery on the causes of action alleged herein.

6      17.    The prosecution of separate actions by the individual class members, even if

7  possible, would create a substantial risk of inconsistent or varying verdicts or adjudications

8  with respect to the individual class members against Defendants herein; which would

9  establish potentially incompatible standards of conduct for Defendants; and/or (b) legal

10  determinations concerning individual class members which would, as a practical matter, be

11  dispositive of the interest of the other class members not parties to adjudications or which

12  would substantially impair or impede the ability of the class members to protect their interests.

13  Further, the claims of the individual members of the class are not sufficiently large to warrant

14  vigorous individual prosecution considering all of the concomitant costs and expenses

15  attending thereto.

16      18.    Plaintiff and all others similarly situated are entitled to the wages and other

17  monies unlawfully withheld.  This action is brought for the benefit of the public.

18              **FIRST CAUSE OF ACTION**

19            **(Violation of <u>B&PC</u> §17200, et seq.)**

20      19.    Plaintiff re-alleges and incorporates by reference herein the allegations of all

21  preceding paragraphs as though fully set forth herein.

22      20.    Beginning on an exact date unknown to Plaintiff but believed to have occurred

23  from October 15, 2020, Defendants have engaged in a pattern and practice of acts of unfair

24  competition in violation of <u>B&PC</u> §17200, including the practices alleged herein.

25      21.    Defendants, and each of them, own, operate, manage and control dialysis

26  centers, and have engaged in the practice of paying their non-exempt hourly employees in a

27  fashion that circumvents California overtime laws.

28

## FAILURE TO PAY PROPER WAGES AND OVERTIME COMPENSATION

22. Plaintiff is informed, believes, and thereon alleges that as part of Defendants' ongoing unfair business practices, Defendants' hourly employees worked in excess of eight (8) hours per day, and excess of forty (40) hours per week without receiving the proper regular rate of pay and therefore have failed to receive overtime compensation and/or the proper overtime premium. Defendants are therefore in violation of Labor Code §§ 510 and 1194, and the relevant California Industrial Welfare Commission Orders.

23. Defendants, and each of them, consistently administered a corporate policy regarding off-the-clock time, which required that employees work overtime without proper premium overtime pay, the regular rate of pay, and/or minimum wage. For instance, during the Covid-19 pandemic, between at least the years of 2020 and 2022, Defendants required, as a policy and practice, Plaintiff and the class members to undergo temperature checks and to log other information about their health prior to clocking in for the day. Defendants required these temperature checks of Plaintiff and other class members, which typically took between three and five minutes a day, and Defendants refused to compensate Plaintiff or other class members for this time.

24. Defendants further implemented a policy and practice during the class period of requiring Plaintiff and other class members to engage in work-related activities after they are clocked out for work, including responding to work phone calls and messages regarding patients, treatments, and other work-related questions, without compensation. Such work-related activities occurred off-the-clock, and happened to Plaintiff and upon information and belief, all class members, throughout the class period, without compensation. Plaintiff and the class members are also required to work through their meal periods, as hereinafter described, without being compensated for such time. Additionally, Plaintiff and the class are entitled to shift differentials and other compensation, but Defendants fail and refuse to pay the correct regular rate of pay to Plaintiff and the class. Defendants' failure to pay for all wages owed, as hereinabove described, is accomplished with the advanced knowledge and designed intent to avoid paying non-exempt employees for all hours worked. Accordingly, Plaintiff and the

class members are entitled to all unpaid wages due under California law. Further, Plaintiff and the class are entitled to restitution of these wages obtained by Defendants, and each of them.

### VIOLATION OF LABOR CODE § 200, ET SEQ.

25.   Plaintiff is informed, believes, and thereon alleges that as part of Defendants' ongoing unfair business practices, Defendants failed to provide all employees all wages at the time of their separation in violation of Labor Code § 200, et. seq., including but not limited to, §§201, 202, 203 & 204, in that Defendants fail to pay for all wages as further described herein.

26.   Labor Code § 200, et seq. provides that an employer is required to pay an employee all wages (including accrued vacation) immediately upon the employee's involuntary separation from employment; immediately upon his or her voluntary separation if the employee gave at least seventy-two (72) hours notice, and within seventy-two (72) hours, if the employee voluntarily separated, but did not give at least seventy-two (72) hours notice.

27.   Plaintiff is informed, believes, and thereon alleges that all employees who have been separated from Defendants did not timely receive a final paycheck detailing the proper amount of pay from Defendants in violation of Labor Code § 200, et. seq.

28.   Pursuant to Labor Code § 200, et seq. employees that no longer work for Defendants, and who were not timely paid, are entitled to one (1) day of pay in penalties for each day that he or she was paid late, until payment was made, up to a maximum of thirty (30) days.

### VIOLATION OF MEAL AND REST PERIOD PROVISIONS

29.   Defendants' improper meal and rest period policies are in violation of California law including, but not limited to Labor Code § 226.7, 512, and the applicable IWC Wage Orders. For example and without limitation, Defendants fail to properly staff their dialysis centers, conduct "huddles" throughout the day to discuss patients and dialysis treatments, and require Plaintiff and the class to be on-call throughout their workday, prevents Plaintiff and the class from duty-free, uninterrupted meal and rest periods. As such, Plaintiff

and the class are entitled to 1 hour of pay for each meal and rest break violation at their regular rate of pay.  Defendants failed and continue to fail to pay for meal and rest period violations at the employees' regular rate of pay in violation of Section 11 of the applicable Wage Orders.

30.     Plaintiff seeks restitution and injunctive relief for said violations.

31.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants have engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC §17200, thereby depriving their employees and the putative class the minimum working standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein. Plaintiff seeks an injunction preventing Defendants from continuing their unfair business practice of improperly depriving their employees of all wages owed, including but not limited to overtime pay, and payment of their regular rate of pay for meal and rest period premiums. Plaintiff further seeks an order requiring Defendants to identify by full name, telephone number, and last known address employees who worked or still work for Defendants from October 15, 2020 through the date of judgment; Plaintiff further seeks an order requiring Defendants to timely pay restitution to all current and former employees, including back wages, premium payments, and interest.

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

32.     Plaintiff is informed and believes and thereon alleges that as part of Defendants' ongoing unfair business practices, Defendants, and each of them, fail to provide their employees with proper and understandable itemized wage statements, as required by Labor Code § 226.

33.     Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, fail to provide each employee with an itemized statement which states the actual regular rate paid, the total hours worked by the employee, the gross and net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Defendants further fail to provide all meal

and rest period premium payments owed on Plaintiff's and the class's itemized wage statements, thus violating California law.

## FAILURE TO REIMBURSE EXPENSES

34. Defendants have adopted and implemented an illegal reimbursement policy that fails to compensate Plaintiff and the class for all of their necessary business expenses incurred in discharging his duties for Defendants. This includes, but is not limited to, failing to pay Plaintiff and the class for the use of their cell phones required for work, which were required to be used to communicate with Defendants' management, nurses, and other staff.

35. Defendants' conduct in failing to reimburse Plaintiff and the class for their necessary business expenses is also unfair within the meaning of Business and Professions Code §17200 because it is against established public policy and has been pursued to attain an unjustified monetary advantage for Defendants by unfairly and unlawfully reducing Plaintiff's and the other class members' compensation, as Plaintiff and the class are required to come out of pocket for such expenses. As such, Defendants' business practices, including their illegal reimbursement policy and practice, is unfair, illegal and fraudulent, in that such policy and practice was intended to reduce Plaintiff's and the class' due and owing compensation

## SECOND CAUSE OF ACTION

### RECOVERY OF UNPAID WAGES & PENALTIES

### (Violation of Labor Code §§ 204, 510, 1194, and 1198)

36. Plaintiff re-alleges and incorporate by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

37. Plaintiff and all others similarly situated identified herein were and are employed and scheduled as a matter of established company policy to work and in fact worked as non-exempt hourly employees in excess of eight (8) hours per day and/or in excess of forty (40) hours per week. Defendants employed and scheduled all employees without providing overtime compensation for such excess hours worked in violation of Labor Code §§ 510 and 1194 and the relevant California Industrial Welfare Commission (IWC) orders. Labor Code § 204 establishes the fundamental right of all employees in the State of California

to be paid the proper amount of wages in a timely fashion for their work, including overtime. Defendants always had a written and verbal agreement to pay overtime and double time based on the Plaintiff's and classes' regular rate of pay.

38.     Pursuant to <u>Labor Code</u> §§ 218 and 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages, together with interest thereon, penalties, attorneys' fees, and costs.

39.     At all times relevant hereto, Defendants have failed to pay to Plaintiff and all persons similarly situated wages when due as required by <u>Labor Code</u> § 204.

40.     Pursuant to <u>Labor Code</u> § 1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders.

41.     At all times relevant hereto, Plaintiff is informed, believes, and thereon alleges that Defendants have treated Plaintiff and the class as hourly non-exempt employees.  Despite this classification, Defendants have willfully violated the <u>Labor Code</u> with respect to failing to pay all wages owed, including during Covid-19 temperature checks and other off-the-clock activities as described herein.  Moreover, Defendants have failed to pay one (1) regular rate of pay, and failed to calculate overtime and double time based on that regular rate, and failed to include all items of remuneration within Plaintiff's and other class members' regular rate of pay.  Defendants have therefore failed to properly pay all wages owed, including but not limited to minimum wages and/or premium overtime for hours worked in a day and/or in a week, and as such, Defendants are able to reduce their overhead and operating expenses and gain an unfair advantage over competing companies complying with state law.

42.     Plaintiff is informed, believes, and thereon alleges that the hourly non-exempt class was never paid any premium compensation or paid significantly less premium compensation for work accomplished in excess of forty (40) hours per week, and/or eight (8) hours per day.

43.    Plaintiff is informed, believes, and thereon alleges that Defendants consistently administered a corporate policy regarding both staffing levels and duties and responsibilities of the members of the classes which required the entirety of all classes to work overtime without proper premium pay.  This included a uniform corporate policy and practice of failing to pay for all hours worked prior to and after class members' shifts, and failing to include all remuneration into the regular rate for purposes of calculating premium overtime payments and meal period penalties.  This corporate policy and pattern of conduct was/is accomplished with the advance knowledge and design of all Defendants herein.  Thus, Plaintiff and all others similarly situated routinely, regularly, and customarily performed overtime work. Accordingly, Plaintiff and all others similarly situated are entitled to overtime compensation under California law.  Further, Defendants disseminated false information throughout Defendants' facilities and among the employees reciting that all hourly non-exempt employees would receive premium overtime pay.

44.    Plaintiff is informed, believes, and thereon alleges that the obligations and responsibilities of the class employees are irrelevant because Plaintiff and all others similarly situated merely allege wrongdoing with Defendants' pay plans.  Further, the duties of Plaintiff and all others similarly situated are not relevant in certifying any of the classes.  Defendants' hourly non-exempt employees work routinely in excess of eight (8) hours per day, forty (40) hours per week, and/or and they were not, and have never been, paid the proper regular rate of compensation nor the proper premium compensation for their overtime work.

45.    Defendants, and each of them, in violation of Labor Code §§ 201 and 202, et seq., respectively, had a consistent and uniform policy, practice, and procedure of willfully failing to pay the earned and unpaid wages of all such former employees.  Defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to regular pay, premium pay, and other wages earned and remaining uncompensated according to amendment, or proof.

46.    The pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to

recovery by Plaintiff and all others similarly situated, in a civil action, for the unpaid balance of the full amount of the all wages owing, including the proper calculation of the regular rate and the proper overtime premiums calculated at 1.5 or 2 times the legal regular rate which are owing, including interest thereon, willful penalties, reasonable attorneys' fees, and costs of suit according to the mandate of <u>Labor Code</u> § 1194, et. seq.

47.    Likewise, Defendants have a pattern, practice, and uniform administration of corporate policy regarding failure to comply with the required provisions of <u>Labor Code</u> § 226.7, in failing to pay Plaintiff and the class the meal and rest period premium payment at the regular rate.

## **<u>THIRD CAUSE OF ACTION</u>**

### **(Violation of <u>Labor Code</u> §§ 200, et. seq.)**

48.    Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

49.    <u>Labor Code</u> §§ 200, et. seq., provides that an employer is required to pay an employee all wages (including accrued vacation) immediately upon an employee's involuntary separation from employment; immediately upon his voluntary separation if the employee gave at least seventy two (72) hours notice, and within seventy-two (72) hours, if the employee voluntarily separated, but did not give at least seventy-two (72) hours' notice.

50.    Based on the allegations of failure to pay all wages previously asserted herein, Plaintiff and other former employees of Defendants employed in the State of California separated from employment with Defendants, and did not timely receive a final paycheck with all of their wages due from Defendants in violation of <u>Labor Code</u> §§ 200, et seq.  Plaintiff is informed, believes, and thereon alleges that Defendants also violated the mandates of <u>Labor Code</u> §§ 200, et seq., as to other employees whose employment ended during the period of time covered by this action.

51.    Pursuant to <u>Labor Code</u> §§ 200, et. seq., each member of the class that no longer works for Defendants, and who was not timely paid all of his or her wages due is

entitled to one (1) day of pay in penalties for each day that he or she was paid late, until

payment was made, up to a maximum of thirty (30) days.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Violation of Labor Code § 226)

52.     Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

53.     Labor Code §226(a) provides, in pertinent part:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . ..

54.     During the Class Period, Defendants knowingly and intentionally failed to provide the Class Members, including Plaintiff, with timely and accurate wage and hour statements by failing to show gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.  Defendants further fail and refuse to identify all meal and rest period premium payments owed within Plaintiff's and the class's wage statements, as required under California law.

55.    The Class Members, including Plaintiff, suffered injury as a result of Defendants' knowing and intentional failure to provide the Class Members, with the wage and hour statements required by law, because Plaintiff and the Class Members were unable to determine the total amount of hours they worked, were unable to determine the total compensation owed and unable to verify that they were paid the proper amount.  By way of example, and without limitation, throughout the Class Period Defendants fail and refuse to set forth the proper regular rate of pay, all hours worked based on Defendants' failure to pay for all hours worked, and meal and rest period premium payments.

56.    Based on Defendants' conduct as alleged herein, Defendants are liable for actual damages, statutory damages, and/or statutory penalties pursuant to California Labor Code § 226, attorney's fees and costs, and other applicable provisions of the Labor Code and applicable Wage Order.

### FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
**(Violation of Labor Code §§ 226.7 and 512)**

57.    Plaintiff incorporates by reference as if fully set forth herein, the allegations of paragraphs above.

58.    California Labor Code § 512 and the IWC Wage Orders provide state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.  Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  California Labor Code § 226.7(a) further states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

59.    Employers are prohibited from exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

60.     Plaintiff and members of the Class were not provided with or given the opportunity to take the requisite meal periods before the end of the first 5 hours of work, nor were they provided with or given the opportunity to take a proper second meal period during the days when they worked more than 10 hours in a day.  Defendants coerced Plaintiff and the members of the Class to forego meal periods by disciplining and/or threatening disciplinary action against them if they attempted to take meal periods, created incentives to forego meal breaks, and encouraged the skipping of meal periods by scheduling work to coincide with the meal periods, among other things.  In addition, the pace of the job required Class Members to eat while working in order to keep up with their work duties, and Defendants required Plaintiff and other class members to participate in "huddles" to review patients and dialysis treatments throughout their workday, including during Plaintiff's and class members' meal periods. Further, Defendants adopted policies and practices to place unnecessarily tight timelines on Plaintiff's and class members' work, forcing them to miss their meal periods in order to complete their work. As a result, Plaintiff and members of the Class were required to work and/or were not relieved of all duties during any meal period taken, and thus were considered "on duty;" however, Defendants failed to count as time worked any "on duty" meal period taken by Plaintiff and the members of the Class.

61.     Pursuant to California Labor Code § 226.7(c) and IWC Wage Orders, if an employer fails to provide an employee a meal period in accordance with the applicable provisions of the IWC Wage Orders, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that the meal period is not provided. As such, Plaintiff and members of the Class are entitled to an additional one hour's pay for each day in which Plaintiff and members of the Class were not provided a proper meal break under the above-described authorities.

62.     Plaintiff and the members of the Class request that the Court award interest on all unpaid wages at the legal rate specified by California Civil Code § 3289(b), accruing from the date the wages were due and payable pursuant to Labor Code § 218.6.

## SIXTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE OR PERMIT REST PERIODS

### (Violation of Labor Code § 226.7)

63.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein, the allegations of the preceding paragraphs.

64.     The IWC Wage Orders provide that every employer shall authorize and permit all employees to take rest periods.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours of work, or a major fraction thereof.  An employer must provide employees with 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, and 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.

65.     Plaintiff and Class Members were not permitted to take rest periods, were required to work during their rest periods, and/or were disciplined and/or were advised that they would be disciplined if they took rest periods during work hours, in contravention of California law.  Defendants, for instance, require Plaintiff and other class members to participate in "huddles" throughout the workday, even when they are on their rest periods.  Moreover, Defendants require that when rest periods are allowed to be taken, that they be combined with meal periods, a violation of California law.

66.     Pursuant to California Labor Code § 226.7(c) and the applicable IWC Wage Orders, if an employer fails to provide an employee a rest period in accordance with the applicable IWC Wage Orders, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

67.     As such, Plaintiff and the Class members are entitled to an additional one hour's pay for each day in which they were not provided a proper rest period under the above-described authorities.

68.     Plaintiff and the members of the Class request that the Court award interest on all unpaid wages at the legal rate specified by California Civil Code § 3289(b), accruing from the date the wages were due and payable pursuant to Labor Code § 218.6.

## SEVENTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EXPENSES

### (Violation of (Labor Code § 2802)

69.     Plaintiff re-allege and incorporate by reference as if fully set forth herein, the allegations of the preceding paragraphs.

70.     California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

71.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times Plaintiff and the class members incurred certain expenses for their jobs with Defendants, including but not limited to using their automobiles for work travel, and for using their cell phones to initiate and respond to calls and text messages relating to work inquiries. Such expenses were incurred because of Defendants' requirement that Plaintiff and other class members be on-call, including after work hours, to respond to the needs of the business. Moreover, Defendants required Plaintiff and other class members to perform work errands with their personal automobiles during the Class Period, and Defendants were well aware of the cell phone and auto expenditures because Defendants' managers knew of the use of personal cell phones and use of personal automobiles to run work errands, but failed to have a proper reimbursement policy to compensate Plaintiff and the class members for these expenditures.  As such, Defendants failed and refused to indemnify Plaintiff and the class for all of their expenditures in carrying out their duties for Defendants.

72.     As a result of Defendants' failure to indemnify Plaintiff and the class members, they have suffered losses according to proof, including prejudgment interest, costs, and attorneys' fees in prosecuting this case.

## EIGHTH CAUSE OF ACTION

## PRIVATE ATTORNEYS GENERAL ACT

### (Violation of Labor Code §§ 2698 and 2699)

73.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein, the allegations of the preceding paragraphs.

74.     On or about August 7, 2024, Plaintiff Dela Pena provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

75.     The LWDA failed to respond to Plaintiff's counsel's correspondence and failed to notify Plaintiff's counsel as to whether it would investigate the allegations contained therein, within the time period requirements of the Private Attorneys General Act (PAGA), under Labor Code §2699.3.  Plaintiff has fully complied with the notice requirements set forth in Labor Code §2699.3 in order to commence a civil action against an employer pursuant to Labor Code §2699.

76.     Defendants' failure to pay Plaintiff for all hours worked, minimum wages, overtime compensation, failure to provide meal periods, failure to authorize and permit rest periods, failure to pay all wages upon termination or resignation, and failure to provide accurate itemized wage statements, failure to reimburse expenses, will subject Defendants to civil penalties pursuant to, without limitation, Labor Code §§ 201, 202, 203, 204, 226, 510, 512, 1174, 1194, 1198, 2802, and IWC Wage Orders.

77.     Plaintiffs are aggrieved employees as defined in Labor Code §§2699(a) and (c), and related Labor Code provisions.  Plaintiffs bring this cause of action on behalf of themselves, as private attorneys general, and in a representative capacity on behalf of other aggrieved employees, affected by the labor law violations alleged herein.

78.     Defendants committed numerous violations of the California Labor Code and IWC Wage Orders against the Plaintiffs, and on information and belief, against members of the Class and other current and former employees while they were employed by Defendants, including but not limited to:

a.     Defendants violated Labor Code §§ 510, 511, 1194 and/or IWC Wage Orders by failing to pay Plaintiff and the members of the Class, and on information and belief, other current and former employees of Defendants, all minimum, straight time and overtime wages owed in compliance with California law;

b.    Defendants violated Labor Code §§ 226.7, 510, 1194, 1197 and/or IWC Wage Orders by failing to pay Plaintiff and the members of the Class by failing to pay for a missed meal or rest period at the regular rate of pay;

c.    Defendants violated Labor Code §§ 1194, 1197 and/or IWC Wage Orders by failing to pay Plaintiff and the members of the Class, and on information and belief, other current and former employees of Defendants, all minimum wages owed in compliance with California law;

d.    Defendants violated Labor Code §§ 1194, 204, 510, 511 and/or IWC Wage Orders by failing to pay Plaintiff and the members of the Class, and on information and belief, other current and former employees of Defendants, all wages owed in a timely manner in compliance with California law;

e.    Defendants violated Labor Code § 226.7, 512, and /or IWC Wage Orders by failing to provide Plaintiff and the members of the Class, and on information and belief, other current and former employees of Defendants, the opportunity to take the requisite meal periods in compliance with California law;

f.    Defendants violated Labor Code § 226.7 and/or IWC Wage Orders by failing to authorize and permit Plaintiff and the members of the Class, and on information and belief, other current and former employees of Defendants, the opportunity to take the requisite rest periods in compliance with California law;

g.    Defendants violated Labor Code §§ 226, 1174 and/or IWC Wage Orders by failing to properly maintain accurate employment time and records, maintain and/or submit accurate itemized wage statements on behalf of Plaintiff, members of the Class, and on information and belief, on behalf of other current and former employees of Defendants as described herein; and

h.    Defendants violated Labor Code §§ 201, 202 and/or IWC Wage Orders by failing to pay Plaintiff, the Class, and on information and belief, other current and former employees of Defendants as described herein;

i.    Defendants violated Labor Code § 2802 and/or the IWC Wage Orders by failing to pay Plaintiff and other members of the Class all of their reasonable and necessary expenses.

79.    Pursuant to Labor Code § 2699, Plaintiff, members of the Class, and all other

-21-

aggrieved current and former employees seek to recover civil penalties, as otherwise provided by statute and wage order, for which Defendants are liable as a result of their violations of the California Labor Code and applicable wage order(s) in an amount to be proven at trial. These penalties include, but are not limited to, those provided by Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1197, 2699, and IWC Wage Orders. Plaintiff and aggrieved current and former employees further seek and award of reasonable attorneys' fees and costs pursuant to Labor Code § 2698 and 2699.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.      That the Court determines this action may be maintained as a class action;

**As to the First Cause of Action:**

2.      For an order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein;

3.      An order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on behalf of the putative class, the appointment of a receiver, as necessary. The restitution includes all monies retained as wages, as defined in Labor Code §§ 201, 202, 510, and 1194, and interest, and attorneys' fees as a result of the unfair business practices;

4.      For an order finding and declaring that Defendant's acts and practices as challenged herein are unlawful, unfair, and/or fraudulent;

5.      For an accounting, under the administration of Plaintiff and subject to court supervision, to determine the amount to be returned by Defendants and the amounts to be refunded to members who are or were not paid all their wages due to Defendants' unfair business practices;

6.      For the creation of an administrative process wherein each injured current and former employee receives his or her back wages in the form of overtime pay or alternatively

that each current or former eligible employee may submit a claim in order to receive his/her money;

7.    For an order requiring Defendants to make full restitution and payment pursuant to B&PC Sections 17200, <u>et seq.</u>;

8.    For all other appropriate declaratory and equitable relief;

9.    For pre-judgment interest to the extent permitted by law;

10.    For an order requiring Defendants to identify, by name, address, and telephone number of each person who worked as an hourly non-exempt employee for Defendants from four (4) years before the filing of the original complaint in this action through the time of judgment;

11.    For an order imposing all civil and statutory penalties provided by law.

**As to the Second Cause of Action:**

12.    For damages according to proof, as set forth in <u>Labor Code</u> §§ 510, 226.7 and 1194, et seq., (and the applicable California Industrial Welfare Commission wage orders) regarding wages due and owing;

13.    For pre-judgment interest as allowed by <u>Labor Code</u> § 1194 and California <u>Civil Code</u> § 3287(b), for waiting time penalties as authorized by <u>Labor Code</u> § 203, and for reasonable attorneys' fees;

14.    For an order imposing all civil and statutory penalties provided by law.

**As to the Third Cause of Action:**

15.    For waiting for time penalties for all former employees not timely paying their last paycheck, including vacation pay;

16.    For reasonable attorneys' fees and costs;

17.    For an order imposing all civil and statutory penalties provided by law.

**As to the Fourth Cause of Action:**

18.    For recovery as authorized by <u>Labor Code</u> §226(e);

19.    For injunctive relief to ensure Defendants' compliance with <u>Labor Code</u> §226 and the <u>IWC Wage Orders</u> §7(A) pursuant to <u>Labor Code</u> §226(h);

20.     For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> §226(e) and/or §226(h);

21.     For an order imposing all civil and statutory penalties provided by law.

**As to the Fifth Cause of Action:**

22.     One (1) hour of pay at each of the employees' regular rate of compensation for each workday that a meal period was not provided, impeded, discouraged, and/or dissuaded;

23.     For an order imposing all civil and statutory penalties provided by law.

**As to the Sixth Cause of Action:**

24.     One (1) hour of pay at each of the employees' regular rate of compensation for each workday that a rest period was not authorized or permitted, or impeded, interrupted, discouraged, and/or dissuaded;

25. For an order imposing all civil and statutory penalties provided by law.

**As to the Seventh Cause of Action:**

26.     For recovery of all necessary expenditures or losses incurred by Plaintiff and the class members, according to proof;

27.     For pre-judgment interest as allowed by Labor Code §§ 218.6, 1194(a), and Civil Code § 3287;

28.     For an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2802(c).

**As to the Eighth Cause of Action:**

29.     That the Court declare, adjudge and decree that Defendants violated California Private Attorneys General Act, Labor Code § 2698 and 2699;

30.     For an order imposing all civil and statutory penalties provided by law;

31.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 2699(g); and

32.     For such other and further relief as the Court may deem equitable and appropriate.

**As to All Causes of Action:**

33.    For reasonable costs incurred;

34.    For such other and further relief as this Court may deem just and proper.

Dated: December 27, 2024          BARTZ LAW GROUP, APC


By:    /s/ Aaron A. Bartz
       Aaron A. Bartz
       Rex J. Phillips
       Attorneys for Plaintiff Eugene Dela Pena and all
       other similarly situated employees

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands a jury trial on all issues triable to a jury.

3

4   Dated: December 27, 2024          BARTZ LAW GROUP, APC

5

6

7          By:     /s/ Aaron A. Bartz
                   Aaron A. Bartz
8                  Rex J. Phillips
                   Attorneys for Plaintiff Eugene Dela Pena and all
9                  other similarly situated employees

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Class Action and PAGA Complaint; Case No. 3:24-cv-08649-JD